FILED
United States Court of Appeals
Tenth Circuit

September 26, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAIME ENRIQUE
OLIVARRIA-LORA,

Defendant-Appellant.

No. 06-4220
(D.C. No. 2:06-CR-19-PGC)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **MURPHY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

Defendant Jaime Enrique Olivarria-Lora pleaded guilty to one count of

possessing with intent to distribute 500 grams or more of methamphetamine in

violation of 21 U.S.C. § 841(a)(1).  Pursuant to the plea agreement, defendant

"knowingly, voluntarily and expressly waive[d his] right to appeal any sentence

---

[*]      After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imposed upon [him], and the manner in which the sentence is determined, on . . . any ground whatever, except [he did] not waive [his] right to appeal a sentence above the maximum penalty provided in the statute of conviction. . . ." Plea Agreement dated June 14, 2006, at 3. The district court imposed a 168-month sentence on defendant, which is within the guideline range and below the maximum sentence of life under defendant's statute of conviction.

Defendant filed a notice of appeal challenging his sentence. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating his belief that there are no meritorious grounds upon which defendant can appeal his conviction or sentence because he entered into a valid waiver of his right to appeal, and the district court sentenced defendant within the guideline range established by defendant's criminal history and offense level. The government did not submit a brief. This court gave defendant an opportunity to file additional arguments to this court, *see id.*, but to date, he has not responded.

In accordance with *Anders*, we have conducted an independent review of the record to determine if any appeal would be frivolous. *See id.* This court will enforce a criminal defendant's waiver of his right to appeal so long as the following three conditions are met: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) "enforcing the waiver [will not] result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315,

1325 (10th Cir. 2004) (en banc) (per curiam).  We conclude from our review of

defendant's brief, the plea agreement, and the transcripts of the plea and

sentencing hearings, that, under *Hahn*, defendant has waived his right to appeal.

Accordingly, we DISMISS the appeal.  The mandate shall issue forthwith.

ENTERED FOR THE COURT
PER CURIAM