FILED
United States Court of Appeals
Tenth Circuit

February 10, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JAIME ENRIQUE OLIVARRIA-
LORA,

        Defendant - Appellant.

No. 08-4204

(D. Utah)

(D.C. Nos. 2:08-CV-00685-DAK and
2:08-CR-00685-PGC-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

In 2006 Jaime Enrique Olivarria-Lora pleaded guilty in the United States

District Court for the District of Utah to possession of 500 grams or more of

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

He filed a pro se motion under 28 U.S.C. § 2255, contending that his trial

counsel's ineffective assistance deprived him of his right to file a direct appeal.

His memorandum in support of the motion also contended that his plea was

unlawfully induced, was involuntary, and was made without a full understanding

of the consequences; that his "trial counsel's deficient performance rendered the

proceedings constitutionally inadequate"; and that prosecutorial misconduct

deprived him of a fair trial. R. Vol.1 at 17. The district court denied relief.

Mr. Olivarria-Lora now asks us to issue a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion). We deny a COA and dismiss the appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the motion was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of a case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Finally, "we may deny a COA if there is a plain procedural bar to habeas relief, even though the district court did not rely on that bar." *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) (internal quotation marks and citation omitted).

Our denial of a COA is based on a waiver in Mr. Olivarria-Lora's plea agreement. The agreement provides as follows:

> I know there is no appellate review of any lawful sentence imposed under a plea of guilty. I also know that unless the right to appeal a sentence is waived, a defendant may appeal a sentence imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.
> . . .
>
> Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed on me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal a sentence above the maximum penalty provided in the statute of conviction . . . .
>
> I also knowingly, voluntarily and expressly waive my right to challenge my conviction, my sentence, or the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

*United States v. Olivarria-Lora*, No. 2:06-CR-019 PGC, N.D. Utah (Statement by Def. in Advance of Plea of Guilty, June 14, 2006).

Despite the waiver, Mr. Olivarria-Lora filed a notice of appeal shortly after his sentencing. His attorney filed a brief under *Anders v. California*, 386 U.S. 738, 744 (1967), to which Mr. Olivarria-Lora did not respond. We dismissed the appeal, holding under our decision in *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam), that his claims on appeal were within the

scope of his waiver, that the waiver was knowing and voluntary, and that no miscarriage of justice would result from the waiver's enforcement. *See United States v. Olivarria-Lora*, 248 F. App'x 941 (10th Cir. 2007) (per curiam).

Mr. Olivarria-Lora contends in this court (1) that his § 2255 motion is not barred by the waiver in his plea agreement because the claims in his motion are not encompassed by the waiver, and (2) that the waiver is invalid. We are not persuaded.

First, the waiver broadly prohibits any § 2255 motion challenging his conviction or sentence. Second, although a waiver does not preclude a claim of ineffective assistance that challenges a guilty plea or the waiver itself, *see United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001), any challenge by Mr. Olivarria-Lora in this respect is barred by our prior decision on direct appeal, which upheld the validity of the waiver. Although strictly speaking we upheld only the waiver of his right to appeal his sentence, our holding necessarily affirmed the validity of the plea agreement as a whole; and even if a waiver of a right to appeal could theoretically be motivated by different factors than a waiver of the right to bring a § 2255 motion, Mr. Olivarria-Lora has presented no evidence, or even argument, that would distinguish between the two waivers. Finally, we note that Mr. Olivarria-Lora has not presented any evidence or argument that enforcing the waiver in his § 2255 proceeding would result in a miscarriage of justice as we defined it in *Hahn*, 359 F.3d at 1327.

-4-

No reasonable jurist could debate whether Mr. Olivarria-Lora is entitled to relief. We therefore DENY the application for a COA and DISMISS the appeal. We DENY Mr. Olivarria-Lora's motion to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge